**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GEORGETTE FLEMING, and <br> VIRGINIA FLEMING, and <br> EVELYN BETHEA, and <br> VIRGINIA FLEMING, ADMINISTRATRIX of the <br> ESTATE OF MAJOR FLEMING, <br><br> Plaintiffs, <br><br> vs. <br><br> COLONY CAPITAL, LLC d/b/a <br> ATLANTIC CITY HILTON CASINO RESORT, <br><br> and <br><br> CAESARS ENTERTAINMENT, INC. d/b/a <br> ATLANTIC CITY HILTON CASINO RESORT, <br><br> and <br><br> HARRAH'S ENTERTAINMENT, INC. Successor to <br> CAESARS ENTERTAINMENT, INC. d/b/a <br> ATLANTIC CITY HILTON CASINO RESORT, <br><br> and <br><br> RIH ACQUISITIONS, N.J., INC., Registered Casino <br> Licensee and Affiliate of COLONY CAPITAL, LLC <br> d/b/a ATLANTIC CITY HILTON CASINO RESORT, <br><br> Defendants. | **CIVIL ACTION NO.** <br><br> **JURY DEMAND** |

## COMPLAINT

### I. PARTIES

1. Plaintiff is Georgette Fleming, an individual, residing at 164 West Sparks Street, Philadelphia, Pennsylvania 19120.

1

2. Plaintiff is Virginia Fleming, an individual, residing at 7853 Michener Avenue, Philadelphia, Pennsylvania 19150.

3. Plaintiff is Evelyn Bethea, an individual, residing at 7853 Michener Avenue, Philadelphia, Pennsylvania 19150.

4. Plaintiff is Virginia Fleming, Administratrix of the Estate of Major Fleming (hereinafter "Major"); Major Fleming, an individual, was an injured party who became deceased on August 27, 2006.  Major Fleming resided with his daughter, Virginia Fleming, at 7853 Michener Avenue, Philadelphia, Pennsylvania 19150.

5. Defendant is Colony Capital, LLC, doing business as Atlantic City Hilton Casino Resort (hereinafter "Colony"), with its Principal Office located at 660 Madison Avenue, Suite 1600, New York, New York 10021.

6. Defendant is Caesars Entertainment, Inc., doing business as Atlantic City Hilton Casino Resort (hereinafter "Caesars"), with its Principal Office located at One Harrah's Court, Las Vegas, Nevada 89119.

7. Defendant is Harrah's Entertainment, Inc., successor in interest to Caesars (hereinafter "Harrah's") with its Principal Office located at One Harrah's Court Las Vegas, Nevada 89119.

8. Defendant is RIH Acquisitions, N.J., Inc., a registered Casino Licensee and affiliate of Colony Capital, LLC doing business as Atlantic City Hilton Casino Resort (hereinafter "RIH") with its registered mailing address at Post Office Box 1737, Atlantic City, New Jersey 08404.

## II.  JURISDICTION AND VENUE

9.      Jurisdiction is conferred in this action by 28 U.S.C. § 1332 (Diversity Jurisdiction), in that Plaintiff and Defendants are citizens of different states and the amount in controversy for each Plaintiff exceeds $75,000.

10.     Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391, in that all Defendants conduct business and advertise in the Eastern District of Pennsylvania. Plaintiffs all reside within the Eastern District of Pennsylvania and boarded the chartered bus to Defendants' casinos while in the Eastern District of Pennsylvania.  Moreover, all of Plaintiffs' medical providers are located in the Eastern District of Pennsylvania.

## III. STATEMENT OF CLAIMS

11.     On or about October 16, 2004, Plaintiffs were business invitees on the premises of Defendants Colony, Caesars, Harrah's, and RIH, located at the Atlantic City Hilton Casino Resort , Boston Av. and the Boardwalk in Atlantic City, New Jersey, when Plaintiffs tripped, stumbled, and fell as the escalator they were on riding on jerked, shook, and malfunctioned by reason of an obstruction, and/or defect.

12.     The aforesaid accident was caused by the carelessness, recklessness and negligence of Defendants Colony, Caesars, Harrah's and RIH and/or its agents, servants, workmen and/or employees and consisted of the following:

        a.   Failure to keep the premises in a safe condition by properly maintaining the escalator in the Atlantic City Hilton Casino Resort;

        b.   Failure to exercise proper care by properly maintaining the escalator in the Atlantic City Hilton Casino Resort;

        c.   Causing a dangerous and/or hazardous condition to exist;

    d.    Allowing a nuisance and/or defect to exist;

    e.    Failing to warn the Plaintiffs of the aforesaid nuisance, dangerous and/or defective condition;

    f.    Failing to properly inspect the escalator for dangerous and hazardous conditions.

    g.    Otherwise failing to exercise due care under the circumstances.

13. Defendants Colony, Caesars, Harrah's and RIH at all times relevant hereto either solely owned or with one or more persons or entities jointly owned, possessed, maintained and controlled the premises involved in the hereinafter mentioned accident legally known as Atlantic City Hilton Casino Resort in Atlantic City, New Jersey.

14. Defendants, Colony, Caesars, Harrah's and RIH at all times relevant hereto acted by and through their duly authorized agents, servants, workmen and/or employees.

## COUNT ONE—GEORGETTE FLEMING

15. Plaintiffs hereby incorporate by reference thereto the allegations contained in paragraphs 1 through 14 as though the same were set forth at length.

16. As a direct and proximate result of Defendants' negligence as aforesaid, Plaintiff Georgette Fleming sustained multiple bruises and contusions in and about the head, body, back, and limbs, multiple internal and external injuries in and about the head, body, back, and limbs, injury to the back and neck resulting in possible injury to muscles, nerves, discs, bones and ligaments connected thereto and/or aggravation of pre-existing conditions thereof, and she did, in particular but without limitation, sustain injuries to her right shoulder, cervical spine, right hand, lumbar spine, right buttocks, and a severe shock to her nerves and nervous system, some of which or all of which injuries are or may be permanent in nature. Georgette Fleming also makes

claim herein for such injuries, damages, and consequences of which she has no present knowledge.

17. By reason of the injuries she sustained, Georgette Fleming has been and may continue to be forced to spend money and incur obligations in and about an effort to cure herself of the aforesaid injuries.

18. By reason of the injuries sustained, Georgette Fleming has been and may in the future be hindered from attending to her daily duties and functions all to her great damage and loss.

19. By reason of the injuries she sustained, Georgette Fleming has suffered lost income and earnings, all to her great financial loss and detriment.

WHEREFORE, Plaintiff Georgette Fleming demands a Jury Trial and Judgment, jointly and severally, against all Defendants named herein in an amount not in excess of the jurisdictional limits for arbitration in the United States District Court for the Eastern District of Pennsylvania, together with costs and interest.

## COUNT TWO—VIRGINIA FLEMING

20. Plaintiffs hereby incorporates by reference the allegations contained in paragraphs 1 through 19 as though the same were set forth at length.

21. As a direct and proximate result of Defendants' negligence as aforesaid, Plaintiff Virginia Fleming sustained multiple bruises and contusions in and about the head, body, back, and limbs, multiple internal and external injuries in and about the head, body, back, and limbs, injury to the back and neck resulting in possible injury to muscles, nerves, discs, bones and ligaments connected thereto and/or aggravation of pre-existing conditions thereof, and she did, in particular but without limitation sustain injuries to her cervical and lumbar spine and left

shoulder, and a severe shock to her nerves and nervous system, some or all of which injuries are or may be permanent in nature.  Virginia Fleming also makes claim herein for such injuries, damages, and consequences of which she has no present knowledge.

22. By reason of the injuries she sustained, Virginia Fleming has been and may continue to be forced to spend money and incur obligations in and about an effort to cure herself of the aforesaid injuries.

23. By reason of the injuries she sustained, Virginia Fleming has been and may in the future be hindered from attending to her daily duties, functions all to her great damage and loss.

24. By reason of the injuries sustained, Virginia Fleming has suffered lost income and earnings, all to her great financial loss and detriment.

WHEREFORE, Plaintiff Virginia Fleming demands a Jury Trial and Judgment, jointly and severally, against all Defendants named herein in an amount not in excess of the jurisdictional limits for arbitration in the United States District Court for the Eastern District of Pennsylvania, together with costs and interest.

### COUNT THREE—EVELYN BETHEA

25. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 24 as though the same were set forth at length.

26. As a direct and proximate result of Defendants' negligence as aforesaid, Plaintiff Evelyn Bethea sustained multiple bruises and contusions in and about the head, body, back, and limbs, multiple internal and external injuries in and about the head, body, back, and limbs, injury to the back and neck resulting in possible injury to muscles, nerves, discs, bones and ligaments connected thereto and/or aggravation of pre-existing conditions thereof, and she did, in particular but without limitation, sustain a cervical and lumbar strain and sprain, acute pain in her right

6

shoulder and knee, and a severe shock to her nerves and nervous system, some or all of which injuries are or may be permanent in nature.  Evelyn Bethea also makes claim herein for such injuries, damages, and consequences of which she has no present knowledge.

27. By reason of the injuries she sustained, Evelyn Bethea has been and may continue to be forced to spend money and incur obligations in and about an effort to cure herself of the aforesaid injuries.

28. By reason of the injuries she sustained, Evelyn Bethea has been and may in the future be hindered from attending to her daily duties, functions all to her great damage and loss.

29. By reason of the injuries sustained, Evelyn Bethea has suffered lost income and earnings, all to her great financial loss and detriment.

WHEREFORE, Plaintiff, Evelyn Bethea demands a Jury Trial and Judgment, jointly and severally, against all Defendants named herein in an amount not in excess of the jurisdictional limits for arbitration in the United States District Court for the Eastern District of Pennsylvania, together with costs and interest.

**COUNT FOUR—VIRGINIA FLEMING, ADMINISTRATRIX OF THE ESTATE OF MAJOR FLEMIING**

30. Plaintiff Virginia Fleming, Administratrix of the Estate of Major Fleming hereby incorporates by reference the allegations contained in paragraphs 1 through 29 as though the same were set forth at length.

31. As a direct and proximate result of Defendants' negligence as aforesaid, Major Fleming sustained multiple bruises and contusions in and about the head, body, back, and limbs, multiple internal and external injuries in and about the head, body, back, and limbs, injury to the back and neck resulting in possible injury to muscles, nerves, discs, bones and ligaments connected thereto and/or aggravation of pre-existing conditions thereof, and he did, in particular

but without limitation, sustain injuries to his left shoulder, the left side of his ribcage, the lumbar spine, and his left leg, and a severe shock to his nerves and nervous system, some of which or all of which injuries were or may have been permanent in nature.  Virginia Fleming, as Administratrix of the Estate of Major Fleming also makes claim herein for such injuries, damages, and consequences to Major Fleming of which she has no present knowledge.

32. By reason of the injuries sustained, Major Fleming was forced to spend money and incur obligations in and about an effort to cure himself of the aforesaid injuries.  These are now outstanding expenses of his estate.

33. By reason of the injuries sustained, Major Fleming was hindered from attending to his daily duties, functions all to his great damage and loss while he was alive.

WHEREFORE, Plaintiff Virginia Fleming, Administratrix of the Estate of Major Fleming demands a Jury Trial and Judgment, jointly and severally, against all Defendants named herein in an amount not in excess of the jurisdictional limits for arbitration in the United States District Court for the Eastern District of Pennsylvania, together with costs and interest.

Respectfully Submitted,

s/ Michael S. Gressen
_____
Michael S. Gressen, Esquire
Pa. Identification No. 33996

s/Michael Karasik
_____
Michael Karasik, Esquire
Pa. Identification No. 22223

*Attorneys for Plaintiffs*

Belmont and Gressen
10114 Valley Forge Circle
King of Prussia, PA 19406
(610) 783-6200